[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter was commenced by a complaint dated January 29, 1991 with a return day of February 26, 1991. The defendant filed an answer, special defenses and a counterclaim with the court on April 8, 1991. The plaintiff in this matter is the Southern New England Telephone Company (hereinafter called Snetco). The defendant in the matter is Nicholas Cerretani (hereinafter called Cerretani) dba Aafordable Locksmith (hereinafter called A-Affordable) and dba New Canaan Village Locksmith (hereinafter called New Canaan).
The issues in this matter concern the defendant's yellow page advertising with the plaintiff in the telephone directories for the years 1989-90 and 1990-91 (See Exhibit C).
The plaintiff claims it is owed $42,031.46 (Exhibit D) from A-Affordable and $7502.77 (Exhibit E) from New Canaan for such advertising for those years.
The defendant disputes the plaintiffs' claims for the most part. The telephone directories involved are Norwalk, Westport, Wilton, Greenwich, Stamford, New Canaan, Darien, and Connecticut Business to Business.
The contracts for the advertisements which are in dispute were dated September 19, 1988 (Exhibit A) and September 26, 1989. (Exhibit B). The Directories under the September 19, 1988 contract would be distributed in February 1989 and those directories under the September 26, 1989 contract would be distributed in approximately February 1990. In other words the Advertisement Contracts that the defendant signed with the plaintiff were for approximately one year and payable monthly. The defendant testified that he had advertised with the plaintiff for seven years previous to 1988 and never had any problems.
Robert Jennings, the Assistant Collection Manager for Snetco testified that contracts for Snetco Advertisements are prepared by using the previous years contract with that customer and then making changes to that contract by writing in such changes. This is done by a Snetco Sales Representative and the customer. He stated that that is what occurred here with Exhibit A and B. The Sales Representative of Snetco who originally negotiated the subject contracts with the defendant was a Robert Simpson. Mr. Simpson did not testify and it was represented to the court that CT Page 6129 he no longer is employed by the plaintiff.
The defendant had many complaints with his advertisements in the plaintiffs directory for 1989-90 and to a lesser degree he has complaints with his advertisements in the plaintiffs' 1990-91 directory. The defendant's complaints are as follows:
(1) As to New Canaan Village Locksmith all of the 1989-90 and 1990-91 Directories had no address listed in any advertisement except for the 1989-90 Darien and New Canaan Handy Books and those two Handy Books placed the defendant's home address in the advertisement and not his business address as he requested. The defendant claims that New Canaan's business address was suppose to be listed in every advertisement.
(2) As to A-Affordable Locksmith the 1989-90 Advertisements were in the wrong location in the directories and in the New Canaan and Darien Handy Books the wrong address was listed for this company.
(3) All of the 1989-90 and 1990-91 Directories carried the bold listings and sharpening ads even though such advertisements were cancelled by the defendant.
(4) The advertisements for both businesses which were in the Darien dandy Book were never ordered by the defendant.
According to the testimony Handy Books are a smaller directory which are mostly used by the elderly population. Also Handy Books are used in towns which do not have their own directories. For example Darien has a Handy Book Directory but the telephone numbers for that town are listed in the Stamford directory.
The plaintiff does not dispute many of the defendant's aforementioned claims. However it states that it gave the defendant a credit of $4592.64 on his advertising bill for these errors. This credit was testified to by Richard Wrigley the plaintiffs' Staff Manager of its Sales Promotion Department.
The defendant Nicholas Cerretani testified that New Canaan Village Locksmith was a Connecticut Corporation doing business as Affordable Locksmith. In 1988 Robert Simpson the plaintiff's Sales Representative recommended to him that he have two listings in the Yellow Page Directories, one for New Canaan Village Locksmith and one for A-Affordable Locksmith. The advantage would be that A-Affordable would be in the first position in all the advertisement pages. Mr. Cerretani stated he thought this was a good idea so he signed contracts to that effect. When the directories were published A-Affordable Locksmith was listed as CT Page 6130 Aaffordable Locksmith (no hyphen). The result was that the defendant's advertisement was not the first listed ad under the appropriate heading in 1989-90 Directories. This was corrected in the 1990-91 Directories. Mr. Wrigley admitted the plaintiff's error in this respect but stated there was virtually no page differential because of this error. However on cross examination by defense counsel he stated there was a three page differential due to this error.
All the parties admit that in 1989 Richard Wrigley of Snetco met with Mr. Cerretani to attempt to resolve the dispute over the advertising bills. Mr. Wrigley testified that he gave the defendants a credit of $4,592.64 on the bills because of the errors in the directories, although he did not agree with all of Mr. Cerretani's claims. According to Mr. Wrigley he and Mr. Cerretani shook hands and then discussed the advertisements for the 1990-91 Directories. Mr. Cerretani testified that Mr. Wrigley never discussed credit, only the amount he was to pay to resolve the bill for the 1989-90 directories. The plaintiff claimed approximately $26,772.00 was due on said bill for both New Canaan and A-Affordable. Mr. Cerretani testified that he made an agreement with Mr. Wrigley to pay $5,000.00 as full payment for on the bill for the 1989-90 directories. However he further testified there was no payment date agreed upon and that no payment of any kind was made on said bill by him.
Mary Hilmer who was the Secretary-Bookkeeper for A-Affordable and New Canaan testified that Mr. Wrigley agreed to make the necessary corrections in the various directories and that he further agreed that Snetco would accept $5,000.00 as full payment on this bill for all of 1989-90 advertisements of both A-Affordable and New Canaan. Mr. Cerretani did admit that he contracted for the advertisements in the 1990-91 Directories and that they were correct except that there were no addresses for New Canaan in any of the directories. He also testified that he would not have signed a contract for the advertisements in the 1990-91 Directories except for the fact that the plaintiff agreed to accept $5,000.00 as full payment for the previous years advertisements.
In March of 1989 Mr. Cerretani had the plaintiff divide his bill into charges for advertisements and charges for telephone calls (Exhibit 6). There was testimony that when this is done the plaintiff set up a fictitious 472 billing number for the advertising charges (See Exhibit J). When Mr. Cerretani received a bill with the number 472-1015 he testified he called the plaintiff and talked with one, Elizabeth Saxe Ligi, to ask what this number represented. Mr. Cerretani stated she told him she did not know what that number represented. CT Page 6131
Mrs. Ligi then testified that she did not remember discussing the number 472-1015 with anyone, but that she knows she never told anyone that she did not know what the number represented. She testified that when anyone says 472 she knows it refers to directory advertisements. Mrs. Ligi was a very credible witness. Mr. Cerretani also testified that in December 1989 he received a bill from Snetco showing a credit of $21,891.39. (Exhibit 4). He stated on page 2 of Exhibit 4 the total of his last bill was listed as $17,332.38. From this Mr. Cerretani testified he thought the plaintiff was going to refund to him approximately $4509.01 in cash. (See also Exhibit 5). However he could give no reasonable explanation to the court why the plaintiff would be refunding cash monies to him.
Mr. Cerretani also testified that New Canaan Village Locksmith was located on the second floor of 17 Elm Street, New Canaan, Connecticut and that this address was not listed in the subject directories as it should have been. However the plaintiff, through the testimony of Robert Jennings stated that a phone was listed to Hair Expressions at that address on the second floor between March 2, 1988 and July 3, 1989 (Exhibits P and Q). Mr. Jennings testified that the plaintiff's records show that phone was installed on the second floor at 17 Elm Street, New Canaan, Connecticut on 1/16/90 (Exhibit O) for New Canaan and remains there to this time. Mr. Cerretani testified he rented 17 Elm Street, New Canaan, Connecticut in 1988 and continued to rent it until August 1990. He stated he paid the landlord Phil Iannazzo a $1200.00 deposit to rent the second floor in 1988. Albertus Bruce and Ralph Jorden, the defendant's cousins both testified they helped move New Canaan's property from Main Street, New Canaan to that address.
Mr. Cerretani testified that when he returned from a vacation in June 1990, Mr. Iannazzo, the landlord, had removed all of his property, which he valued at Approximately $30,000.00 from the premises at 17 Elm Street, New Canaan, Connecticut. He stated that the only item of that property that he has since recovered was a cash register. Mr. Cerretani stated he did not know if he told his accountant John Rohan about this property loss. Mr. Rohan when he testified never mentioned it, nor does said loss appear anywhere on the 1990 corporate federal tax return of New Canaan Village Locksmith Company (Exhibit 10). The landlord Phil Iannazzo testified he agreed to rent the premises on the second floor at 17 Elm Street, New Canaan, Connecticut to Mr. Cerretani in approximately July 1990. Mr. Cerretani paid him a deposit of $600.00 and Mr. Iannazzo had his attorney draw up a lease to be signed by the parties. He testified Mr. Cerretani always promised to sign this lease, but never did. Mr. Iannazzo allowed Mr. Cerretani to move two file cabinets onto said premises. He testified that he did not allow Mr. Cerretani to move anything CT Page 6132 else into said premises because he had no signed lease. When no such lease was signed by the defendant, Mr. Iannazzo in June 1990 rented the second floor premises at 17 Elm Street, New Canaan, Connecticut to a dentist (Exhibit R). Mr. Iannazzo testified he still has Mr. Cerretani's two file cabinets and that he can have them anytime he wants. Mr. Iannazzo who this court found credible, emphatically stated that Mr. Cerretani never operated a retail store at any time on the second floor premises he owned on 17 Elm Street, New Canaan, Connecticut.
The plaintiff claims $7502.77 is owed to it by New Canaan. The court finds that in all of the 1990-91 Directories there was no address listed for New Canaan except in the Darien and New Canaan Handy Directories and in these latter two Directories the address of New Canaan was incorrect. For the 1990-91 Directories the plaintiff charged the defendant Nicholas Cerrentani D/B/A New Canaan Village Locksmith the yearly sum of $3,948.00. The court after hearing the evidence awards a credit of $1,974.00 to New Canaan for these aforementioned errors.
After hearing the evidence the court finds that the plaintiff has sustained its burden of proof on both counts and enters judgment for the plaintiff in the amount of $42,031.46 against the defendant Nicholas Cerretani D/B/A A-Affordable Locksmith and further enters judgment against the defendant Nicholas Cerretani D/B/A New Canaan Village Locksmith in the amount of $5,528.77 for a total judgment of $47,560.23.
The defendant has filed two special defenses in this matter. The court finds the issues for the plaintiff on said special defenses since the defendant has not sustained his burden of proof on the same.
The defendant has also filed a counterclaim claiming damages due to the fact that the plaintiff will no longer allow him to advertise in its Yellow pages and he alleges that this action has cost him a large sum of money. As to this counterclaim the court finds the issues for the plaintiff as the defendant has not sustained his burden of proof thereon.
Judgment may enter accordingly.
William J. Sullivan, Judge.